ROBERT J. HALL et al., Respondents, *v.* THE PRESIDENT
AND DIRECTORS OF THE INSURANCE COMPANY OF NORTH
AMERICA, Appellants.

Where a policy of fire insurance is issued upon the materials used in a
business it includes and authorizes the use of all such materials as are
in ordinary use in the business, although by the printed clauses of the
policy the keeping or use thereof upon the premises is prohibited, and
although other materials might be substituted therefor.

(Submitted June 17, 1874; decided September 22, 1874.)

APPEAL from judgment of the General Term of the Supreme
Court in the second judicial department, affirming a judgment
in favor of plaintiffs entered upon a verdict.

This was an action upon a policy of fire insurance insuring
plaintiffs to the amount of $1,000 upon a printing press,
types, negatives and "their stock as photographers, includ-
ing engravings and materials used in their business." The
policy contained a clause prohibiting, among other things,
the keeping or use of kerosene in a building containing the
property insured unless by special consent in writing.

The property insured was destroyed by fire which arose
from a portable kerosene oil lamp or stove made for and which
was used by plaintiffs in their business. It was proved that
such a stove burning kerosene oil was ordinarily used in the
business for the purposes for which this was used. It was
also proved that a portable gas lamp or stove might have
been used for and would answer the same purpose.

At the close of the evidence defendants' counsel moved
for a nonsuit upon the ground that plaintiffs had broken the
conditions of their policy. The motion was denied and
defendants' counsel excepted.

*Edgar A. Hutchins* for the appellants. The use of the
kerosene oil stove rendered the contract of insurance void.
(*Duncan* v. *Sun F. Ins. Co.*, 6 Wend., 495, 496 ; *Hynds* v.
*Sche. M. Ins. Co.*, 11 N. Y., 562 ; *Westfall* v. *H. R. F. Ins.*

*Co.*, 12 id., 293 ; *Mead* v. *N. W. Ins. Co.*, 7 id., 535, 536 ; *Jennings* v. *Chenan. M. Ins. Co.*, 2 Den., 75.)    The clauses of the policy are express warranties and conditions precedent, and a violation of them defeats any recovery. (*Duncan* v. *Sun F. Ins. Co.*, 6 Wend., 495, 496 ; *Fowler* v. *Ætna F. Ins. Co.*, 6 Cow., 676 ; *Stetson* v. *Mass. M. F. Ins. Co.*, 4 Mass., 337 ; *Jeff. Ins. Co.* v. *Cotheal*, 7 Wend., 80 ; *Mead* v. *N. W. Ins. Co.*, 7 N. Y., 535, 536 ; *Pindar* v. *Reso. F. Ins. Co.*, 47 id., 118, 119 ; *Wall* v. *E. R. M. Ins. Co.*, 7 id., 372 ; *Snyder* v. *F. L. and Ins. Co.*, 13 Wend., 94 ; 1 Arn. Ins., 577, 586, chap. 3, § 1 ; 2 Pars. on Con., 429, 430.)    A condition in an insurance policy must be complied with in every respect. (*Gates* v. *Mad. Co. Mut. Ins. Co.*, 5 N. Y., 474 ; *Reynolds* v. *Com. F. Ins. Co.*, 47 id., 603, 604 ; 1 Phil. Ins., chap. 9, § 10, pp. 124, 410 ; *Duncan* v. *Sun F. Ins. Co.*, 6 Wend., 495, 496.)    The stove having been used in plaintiffs' business does not bring its use within the conditions of the policy as it was not necessary, it being admitted that gas would have answered the same purpose. (*Harper* v. *N. Y. City Ins. Co.*, 20 N. Y., 442, 443 ; *Harper* v. *Albany M. Ins. Co.*, 17 id., 197, 199 ; *Bryant* v. *Pough. M. Ins. Co.*, id., 200.)

*John H. Bergen* for the respondents.    Defendants' defence is untenable. (*Harper* v. *Albany M. Ins. Co.*, 17 N. Y., 194 ; *Harper* v. *N. Y. City Ins. Co.*, 22 id., 443 ; *Wall* v. *How. Ins. Co.*, 14 Barb., 383.)    Kerosene being a material used in the plaintiffs' business it was insured within the words of the written part of the policy. (*Harper* v. *Albany M. Ins. Co.*, 17 N. Y., 194 ; *Harper* v. *N. Y. City Ins. Co.*, 22 id., 443 ; *Wall* v. *How. Ins. Co.*, 14 Barb., 383 ; affirmed in Ct. of Apps., Dec., 1854 ; *Moore* v. *Pro. Ins. Co.*, 29 Me., 97, 101 ; *Williams* v. *Peoples' Ins. Co.*, Gen. Term, not reported.)

GROVER, J.    By the policy the defendants, among other things, insured the plaintiffs against loss by fire on their stock

as photographers, including engravings and materials used in their business. In *Harper* v. *The Albany Mut. Ins. Co.* (17 N. Y., 194); *Bryant* v. *The Poughkeepsie Mutual Ins. Co.* (id., 200), and *Harper* v. *The N. Y. City Ins. Co.* (22 id., 441), it was held by this court that the use of such materials as were necessarily and ordinarily used in the business, the stock and materials of which were covered by the policy, was authorized, although by the printed clauses of the policy the keeping or use of such materials upon the premises was prohibited. The only distinction between these cases and the present is, that in the former it was shown that the use of the material (camphene) which was claimed to have been prohibited, was necessary in the business, while in the latter the proof only goes to the extent of showing that kerosene (an article similarly prohibited by the policy), was ordinarily used in a portable lamp or stove for heating paper and other purposes in the business; and it further appeared that a portable gas lamp or stove might be arranged so as to be used for the same purposes. The counsel for the appellants argues that to authorize the use of the article, under the circumstances, it is not enough that it was in common and ordinary use in the business by those engaged in it, but that such use was absolutely necessary therein. In *Harper* v. *The Albany Mut. Insurance Co.* (*supra*) the latter fact was proved. Hence it is said, in the opinion, that where the use is necessary in the business the right is given by the contract, but it was not held or stated that the right would not exist when the material was in ordinary use in the business. It is an elementary rule that underwriters are to be assumed to know the usual course of conducting business in connection with which they issue policies. Hence, when a policy is issued upon the stock of goods in a specified business the underwriter is presumed to know what goods are usually kept by those engaged in that business. (*Steinbach* v. *La Fayette F. Ins. Co.*, 54 N. Y., 98.) When a policy is issued, as in the present case, upon the materials used in the business of photography it includes all such as are in ordinary use, although

some other things might be substituted therefor. There is nothing in the cases cited in conflict with this view. The trial judge correctly held that the plaintiffs were not obliged to use anything else if photographers generally used kerosene stoves or lamps. The evidence was, that they did use them for the same purposes that they were used by the plaintiffs. The defendant's motion for a nonsuit was, therefore, rightly denied. This disposes of the only question in the case.

The judgment appealed from must be affirmed with costs. All concur.

Judgment affirmed.