## GROPPER v. HOME INS. CO.

### (Supreme Court, Appellate Term.   June 21, 1912.)

1. INSURANCE (§ 146*)—FIRE POLICIES—CONSTRUCTION—INTENT.
   A fire policy should be given reasonable construction to effectuate the intent of the parties.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 292, 294–298; Dec. Dig. § 146.*]

2. INSURANCE (§ 149*)—FIRE POLICIES—CONSTRUCTION—INCONSISTENT PROVISIONS.
   If the written portions of a fire policy are inconsistent with the printed portions, the former must ordinarily prevail.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 301–304; Dec. Dig. § 149.*]

3. INSURANCE (§ 149*)—FIRE POLICIES—INCONSISTENT PROVISIONS.
   If the stock of a merchant tailor covered by fire insurance necessarily or within the expectation of the parties includes a small amount of benzine, a printed provision in the policy avoiding the insurance on benzine being kept on the premises will not defeat the policy; the words "the stock of a merchant tailor" being written in the policy and controlling the printed clauses.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 301–304; Dec. Dig. § 149.*]

4. INSURANCE (§ 155*)—EXPLANATION OF TERMS—EVIDENCE.
   In an action on a fire policy covering a merchant tailor's stock, claimed by insurer to have been avoided by a provision in the policy prohibiting the keeping of benzine on the premises, insured had a right to show the understanding of the parties in using the term "the stock of a merchant tailor," to show that keeping of a small quantity of benzine was contemplated.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 313, 354; Dec. Dig. § 155.*]

5. APPEAL AND ERROR (§ 866*)—REVIEW—DISMISSAL OF COMPLAINT.
   On appeal from a judgment dismissing the complaint, plaintiff's testimony must be given the most favorable reasonable construction.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3467–3475; Dec. Dig. § 866.*]

6. INSURANCE (§ 665*)—FIRE POLICIES—EVIDENCE—SUFFICIENCY.
   In an action on a fire policy covering a merchant tailor's stock, testimony that benzine, which caused the fire loss sued on, was necessarily and suitably used in the tailor's work, made out a prima facie case that the benzine was a legitimate part of the stock insured.

   [Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. § 665.*]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Henry Gropper against Home Insurance Company. Judgment dismissing the complaint, and plaintiff appeals. Reversed, and new trial ordered.

Argued June term, 1912, before SEABURY, LEHMAN, and BIJUR, JJ.

Raphael Link, of New York City, for appellant.

Richards & Richards, of New York City (Frank Sowers, of New York City, of counsel), for respondent.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

LEHMAN, J.   The plaintiff sued upon an insurance policy covering "stock of merchandise, principally of stock of a merchant tailor." The policy was in the standard form, and contained a provision that the policy shall be void "if (any usage or custom of trade to the contrary notwithstanding) there be kept, used, or allowed on the above described premises benzine," etc.   At the trial the plaintiff testified that he made a coat for a customer that was too long.   The coat was pasted at the bottom.   Plaintiff had to open this paste and cut off the piece of goods and paste it together again.   When he started to press the coat, it took fire.   He testified further:

"I have cut off the bottom and clean it with a little benzine; *otherwise you cannot open the bottom* and press it before it is dried out."

He used benzine—

"only to open the bottom, otherwise you can't open the bottom.   It is a bottle of benzine prepared for the cleaners, so as not to catch fire."

It was further conceded by the plaintiff:

"That at the time and place of the fire in question the plaintiff had, as a tailor, in his place of business a small can of benzine for business purposes, and that he had been using a small quantity of the same on the overcoat before the fire occurred, and the fire occurred while he was pressing the coat."

Upon this testimony and concession the trial justice dismissed the complaint, holding that, as a matter of law, the presence of a small can of benzine for business purposes avoided the policy.

[1-3] The words insuring "the stock of a merchant tailor" in the policy are in writing.   The provisions against the presence of benzine on the premises, "any usage or custom of trade to the contrary notwithstanding," are part of the printed form.   The policy should be given a reasonable construction, in order to effectuate the intent of the parties.   If the written portions of the policy are inconsistent with the printed portions of the policy, the provisions in writing must ordinarily prevail.   It cannot be supposed that the parties intended to enter into a contract which would be void by virtue of the printed clauses from its inception.   If, therefore, the stock of a merchant tailor necessarily, or within the expectation of the parties, included a small amount of benzine, then the provisions avoiding the policy for the presence of benzine cannot be given any interpretation which would result in the avoidance of the contract, by reason of conditions within the contemplation of the parties when the contract of insurance was made.

"Policies are to be construed largely according to the intention of the parties, and for the indemnity of the assured and the advancement of trade. Facts and circumstances dehors the instrument may be proved, in order to discover the intention of the parties." Lancaster Silver Plate Co. v. Fire Ins. Co., 170 Pa. 151, 163, 32 Atl. 613, 614.

[4] In accordance with this rule, since it does not clearly appear from the instrument exactly what the parties intended by the use of the words "stock of a merchant tailor," the plaintiff had a right to offer testimony tending to show the understanding of the parties in re-

gard to the meaning of these words, and the exclusion of testimony offered for this purpose presents reversible error.

[5, 6] Aside, however, from this point, I think that the testimony actually admitted presents a prima facie case. In Hall v. Insurance Company of North America, 58 N. Y. 292, at page 294, 17 Am. Rep. 255, the Court of Appeals, in construing its previous decisions, stated:

"It was held by this court that the use of such materials as were necessarily and ordinarily used in the business, the stock and materials of which were covered by the policy, was authorized, although, by the printed clauses of the policy, the keeping or use of such materials upon the premises was prohibited. * * * It is an elementary rule that underwriters are to be assumed to know the usual course of conducting business in connection with which they issue policies. Hence, when a policy is issued upon the stock of goods in a specified business, the underwriter is presumed to know what goods are usually kept by those engaged in that business. Steinbach v. La Fayette F. Ins. Co., 54 N. Y. 90. When a policy is issued, as in the present case, upon the materials used in the business of photography, it includes all such as are in ordinary use, although some other things might be substituted therefor."

It is urged by the respondent that the rule of these cases is not applicable to the case at bar, because the clause construed in those cases did not include the words "any usage or custom of trade to the contrary." This point is considered in Richards on Insurance, and the author stated that:

"Despite the attempt in the standard form to limit this rule of construction, *the rule still prevails*, and the only effect of the clause, 'any usage or custom of trade to the contrary,' is, *perhaps*, to impose upon the insured the burden of showing with greater clearness that the written description fairly covers the prohibited articles in question." Richards on Insurance (3d Ed.) p. 358. (Italics are mine.)

This particular clause has apparently never received any authoritative construction in our courts, but it was considered by the Supreme Court of Illinois in the case of Norwaysz v. Thuringia Ins. Co., 204 Ill. 334, 346, 68 N. E. 551, 555. In that case, the court said:

"There are two general classes of cases in which it has been held with considerable uniformity that a breach of a prohibitive clause in a policy, such as this, will not operate to relieve the insurer from liability thereon: One, where the policy of insurance, being on a stock of goods used in business, contains clauses forbidding the keeping of certain materials which are customarily a part of such a stock of goods; the other, where the breach consists in keeping small quantities of the forbidden article for cleaning clothes, or oiling machinery, or like purposes."

In this case the plaintiff has shown that the prohibited article was used, not for cleaning clothes, but to remove paste from the bottom of a coat before alteration, and that it was necessary and suitable for this purpose. Upon a dismissal of the complaint, we are obliged to give this testimony the most favorable reasonable construction, and it seems to me it establishes a prima facie case that the benzine was necessary in the prosecution of the business in which plaintiff was engaged, and was a legitimate part of the stock insured by defendant.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.