HARRY ERTISCHEK, Respondent, *v.* THE NEW HAMPSHIRE FIRE INSURANCE COMPANY OF MANCHESTER, a Foreign Corporation, Appellant.

First Department, October 26, 1917.

**Insurance — action on fire insurance policy — defense — keeping of benzine on premises in violation of express terms of policy — admissibility of evidence of trade custom to excuse violation of terms of policy.**

Where a fire insurance policy provided that " This entire policy * * * shall be void * * * if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the

above described premises benzine * * *," and the subject of the insurance was described in the policy as " stock of merchandise consisting principally of laces, trimmings and embroideries, including boxes, packages, samples, labels and *supplies*," benzine kept on the premises by the insured and used for dyeing purposes is not covered by the word " supplies," although it was customary to keep and use it for such a purpose.

Hence, the keeping of benzine on the premises, although not more than one gallon at a time, constituted a violation of the express terms of the policy, and is a defense to the enforcement thereof.

The words " any usage or custom of trade or manufacture to the contrary notwithstanding," absolutely forbid the reception of evidence of a trade custom to excuse the plain violation of the terms of the policy.

APPEAL by the defendant, The New Hampshire Fire Insurance Company of Manchester, from a determination and order of the Appellate Term of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 19th day of January, 1917, reversing a judgment of the Municipal Court of the City of New York, borough of Manhattan, first district, and ordering a new trial.

*Frederic C. Pitcher,* for the appellant.

*David Goldstein,* for the respondent.

SCOTT, J.:

The plaintiff sues upon a policy of fire insurance. At the trial in the Municipal Court his complaint was dismissed. On appeal the Appellate Term reversed the judgment of dismissal and ordered a new trial. (98 Misc. Rep. 279.) Defendant appeals to this court. All questions relating to the fact of the loss, the proof thereof and the amount of damage have been eliminated by agreement or concession, leaving open the single question which we are about to consider.

The policy was in the standard form prescribed by law, and contained as one of its conditions the provision that " This entire policy * * * shall be void * * * if (any usage or custom of trade or manufacture to the contrary notwithstanding) there be kept, used or allowed on the above described premises benzine * * *."

The defense was based on the assertion that the assured had violated this condition and thus avoided the policy, by

keeping benzine upon the premises, and this was shown to
be the fact. A part of his business was selling laces which
he dyed on the spot in any color the customer wished. For
this purpose he kept both dye stuffs and benzine on the
premises, mixing the colors as desired. How much benzine
he kept on hand at any time does not appear, except that
he kept it in a gallon can. We think that there is no doubt
that in this regard he violated the letter of his contract.

He sought to avoid the effect of this violation by showing
" a custom or usage in the trade in which the plaintiff was
engaged, to keep dye stuffs, and that the keeping of such dye
stuffs, even though one of the ingredients in such dye stuffs
might be benzine, would not vitiate the policy of insurance."

The trial court excluded the evidence offered in this regard,
and that exclusion, as the Appellate Term considered, con-
stituted reversible error.

The subject of the insurance as specified in the policy and
so far as pertinent to the question with which we are now
concerned was " stock of merchandise consisting principally
of laces, trimmings and embroideries, including boxes, packages,
samples, labels and *supplies*." The respondent insists, and
so the Appellate Term seems to have considered, that ben-
zine used for dyeing purposes might reasonably be covered by
the word " supplies," where it appeared that it was customary
to keep and use it for such a purpose. This view we think
is untenable. Under the rule *ejusdem generis* it seems to be
quite clear that a highly inflammable article like benzine,
specifically excluded by the policy, cannot be included in the
term " supplies " when used in conjunction with such com-
paratively safe and harmless articles as " boxes, packages,
samples [and] labels." The word " supplies " used in that con-
nection clearly meant supplies of a similar character.

Nor do we think that the plaintiff's violation of the express
terms of the policy may be disregarded because he kept
only a small amount of benzine on hand, not more than could
be contained in a gallon can. The prohibitory condition
which is quoted above is tantamount to a warranty by the
assured that he will not violate the condition, and a breach of
this warranty will avoid the policy even if only a small amount
of the prohibited article be kept upon the premises (in this

case it may at times have been a gallon) and if the fire arose from some cause quite unconnected with the prohibited article. (*Westfall* v. *Hudson River Fire Ins. Co.*, 12 N. Y. 289; *Appleby* v. *Astor Fire Ins. Co.*, 54 id. 253.)

Finally we think that the words " any usage or custom of trade or manufacture to the contrary notwithstanding " absolutely forbade the reception of evidence of a trade custom to excuse a plain violation of the terms of the policy. Most of the decisions cited to us which arose under policies not having that clause have been rendered inapplicable by its adoption. It is not a phrase forced upon insured persons by the insurers, but is prescribed by the statute law of the State. Its very apparent purpose was to prevent the avoidance of the specific terms of the policy by proof of usage or custom in derogation of those terms. We are aware that in some jurisdictions the effect of such a clause has been much limited. We prefer, however, to give it effect according to its plain terms, and to what appears to have been the intention of the Legislature in prescribing it. (See *Norfolk Fire Ins. Co.* v. *Talley*, 112 Va. 413; *Fischer* v. *London & Lancashire Fire Ins. Co.*, 83 Fed. Rep. 807.)

If it was necessary for the conduct of plaintiff's business that he should keep and use benzine for dyeing purposes, and if the defendant when it issued the policy knew of this necessity and intended to permit it, the policy itself indicated that a special agreement might be made upon the subject. In the absence of such an agreement and in the face of the plain words of the statute the proof of custom or usage offered by plaintiff would have been ineffectual to excuse the breach of warranty.

The determination of the Appellate Term must be reversed, and the judgment of the Municipal Court affirmed, with costs to appellant in this court and the Appellate Term.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Determination reversed, with costs, and judgment of Municipal Court affirmed, with costs.