ANTHONY FILARDO, Respondent, v. NATIONAL UNION FIRE INSURANCE COMPANY, Appellant.

Fourth Department, June 29, 1928.

*William L. Clay,* for the appellant.

*John F. Kinney,* for the respondent.

HUBBS, P. J. This is an action on a New York standard fire insurance policy. The policy contains the following provision: " Unless otherwise provided by agreement in writing added hereto this company shall not be liable for loss or damage occurring * * * (b) While the hazard is increased by any means within the control or knowledge of the insured." The answer alleges as a defense that the hazard was increased by the installation and operation by the insured of a still in the cellar of the premises and that the fire in question occurred while such increased hazard existed.

At the trial the plaintiff admitted that there was a still in the cellar but testified that it had not been used for some time. The defendant offered evidence tending to establish that the fire was caused from the operation of the still. The defendant did not move for a nonsuit or directed verdict, but asked to have the question of increased hazard submitted to the jury. The learned trial court submitted that question to the jury, with other questions in the case. After the jury had been sent to its room for deliberation, it returned to the court room, where the following occurred:

" The foreman asked the following question: ' Would the policy be voided by the operation of a still prior to the fire? ' The Court: Just on that subject, standing alone, unless the fire was started by the still, or unless having been started, the still necessarily caused the loss, the still would have nothing whatever to do with that, excepting in that event. It would not make the policy void, unless the cause of the loss was fire from the still. * * * Mr. Clay: ' In view of the questions of the foreman of the jury, I would like your Honor to charge that if the jury find that the operation of the still on the premises at any time increased the risk— The Court: They have not asked that. I am not going

to charge over again on any questions except what the jury is interested in. That does not enter into the questions asked at all. Mr. Clay excepted."

The New York standard fire insurance policy formerly provided: " This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the * * * hazard be increased by any means within the control or knowledge of the insured." (Richards Ins. Law [3d ed.], 719.) Under that form of policy, and similar forms, it was decided that the provision constituted a warranty by the assured that he would not violate the provision and that a breach of the warranty avoided the policy even though a fire occurred from a cause entirely disconnected with the increased hazard.

" If the change of risk is such as to fall within the ban of this provision of the contract, the question is immaterial whether or not it is the cause of the loss; since the risk becomes other than that which was contracted for, and the contract is void at the option of the insurers." (Richards Ins. Law [3d ed.], 332.) The above was a correct statement of the law of this jurisdiction under the old form of policy heretofore quoted. (2 Clement Fire Ins. [1st ed.] 290, rule 2; Id. 294, rule 7; *Mead* v. *Northwestern Ins. Co.*, 7 N. Y. 530; *Westfall* v. *Hudson River Fire Ins. Co.*, 12 id. 289; *First Nat. Bank of Ballston Spa* v. *Insurance Co. of N. A.*, 50 id. 45; *Williams* v. *People's Fire Ins. Co.*, 57 id. 274; *Ertischek* v. *New Hampshire Fire Ins. Co.*, 179 App. Div. 827; affd., 228 N. Y. 541.)

The instruction given by the learned trial court in reply to the question of the foreman of the jury was clearly erroneous, unless the change in the wording of the policy has changed the law.

The policy in question provides that the company shall not be liable while the hazard is increased. It would seem that if the increase in the hazard had terminated, the policy would still remain valid and in force. It is only while the hazard is increased that the company is not liable for a loss.

The learned trial court charged that " unless the fire was started by the still, or unless having been started, the still necessarily caused the loss * * *, it would not make the policy void, unless the cause of the loss was fire from the still." We think the charge was erroneous. The defendant is not liable on a policy " while the hazard is increased." The jury might have found that the hazard was increased and the still in use, but that it did not cause the fire. Under such a finding there could be no recovery, as the defendant was not liable while the increased hazard existed, even though it did not cause the fire.

We think the question was fairly raised by the defendant's counsel. He attempted to have the court charge correctly upon the subject and was prevented by the court from finishing his request, to which he duly excepted.

The judgment and order should be reversed upon the law and facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — HUBBS, P. J., SEARS, CROUCH, TAYLOR and SAWYER, JJ.

Judgment and order reversed on the law and facts and a new trial granted, with costs to appellant to abide the event.