## KUGLER v. PHILADELPHIA FIRE & MARINE INS. CO.

No. 14189.

United States Court of Appeals
Fifth Circuit.

May 15, 1953.

Rehearing Denied June 18, 1953.

Joseph A. Gladney, Baton Rouge, La., for appellant.

Robert W. Williams, Jr., Baton Rouge, La., for appellee.

Before HOLMES, BORAH and RUSSELL, Circuit Judges.

RUSSELL, Circuit Judge.

Appellant brought suit to recover the face amount, $3,000, of a fire insurance policy which covered a two room dwelling upon the rear of his residence lot, together with statutory damages for delay and attorneys' fees. The complaint alleged the issuance of the insurance policy for a term of five years on February 14, 1950; a fire loss thereunder on August 3, 1950; a settlement of this claim for $189.00; a second fire loss on October 22nd, 1950, and an adjustment of it by the payment of $260.00. It was alleged that the latter fire rendered the building uninhabitable until necessary repairs could be effected and that the aforesaid repairs were in the process of being accomplished at the time of the total loss of the residence in January, 1951, and that in making such repairs, as was known to the defendant, he "was operating under clause (c)" of the endorsement Bureau Form No. 2e which granted permission "to make alterations, additions and repairs and to complete structures in course of construction * * *." In its answer, the appellee insurance company plead the violation by the insured of the vacancy clause of the policy which exempted the insurance company from liability for loss occurring "while a described building * * * is vacant or unoccupied beyond a period of sixty (60) consecutive days." Both the vacancy clause and the permission to make alterations, additions and repairs are required by statutes of Louisiana to be included in fire insurance policies in that State.

The defendant's motion to dismiss and for summary judgment was denied, as was a cross motion for summary judgment urged by plaintiff. The plaintiff sought to support his motion for summary judgment by affidavits of himself and others, as well as the depositions of the two insurance adjusters who had adjusted the losses of August 3rd and October 22nd, respectively.

The case was submitted to the court upon the pleadings, affidavits and depositions, for trial without a jury.

In a written opinion, reported in 105 F. Supp. 158, the court considered and discussed each of the legal and factual theories upon which the complainant relied and concluded that the plaintiff was in no event entitled to recover. Judgment was accordingly entered for the defendant. The trial court referred to the contention of the defendant that the settlement of the fire loss of October 22nd was induced by the false representation of the insured that the prem-

ises had, at that time, been vacant only two or three weeks, when, in truth, the building had been vacant since July 20th, but gave no controlling effect to this misrepresentation and determined the case on the basis of the rights and liabilities of the parties following the fire of October 22nd. In the trial court, the complainant urged, as he does here, that the sixty day clause was suspended during the period the house was uninhabitable by reason of fire damage, and also, by virtue of the endorsement which granted permission to make alterations and repairs to the house, was likewise suspended during the time necessary to effect repairs to make it habitable, and further, that since the insurance company, by the terms of the policy, had the option during a period of thirty days after receipt of the proof of loss to repair or replace the property destroyed, such period of time should likewise be considered in computing the sixty day permitted vacancy. It is strongly urged that the insurance adjuster in each instance knew that the repairs were going to be made by the appellant, who had regular employment and was able to work only after hours and on weekends, so that the court should have found that the efforts of the owner himself which effected the near completion of the repairs before he became ill just before Christmas of 1950 and was confined to his bed, at which time there was unfinished only the painting and the addition of a bathroom which he intended to add to the house before he rented it, evidenced, in the circumstances, a reasonable time within which to render the house habitable. As to this, the trial court found that the insurance company's option to rebuild was, in effect, exercised on November 9th, when the insured was advised to proceed to repair his premises and that a check in the amount of $260.00 to cover the loss would be forthcoming within a few days, but that if mistaken as to this, clearly the option was exercised on November 17th, the date when the complainant received a draft from the insurance company. Evidently, upon the strength of a statement in the affidavit of the complainant that the repairs could have been finished by a contractor within one week, and the testimony of the insurance adjuster that a week or ten days would have been sufficient for that purpose, the court found that either two or three weeks was a reasonable time within which the premises should have been repaired, so that no matter which of the dates be considered as the expiration of the option period, a reasonable time for repairs and the permissible 60 days vacancy period had both expired prior to the time of the fire of January 30th.[1]

This finding of fact is controlling. It has adequate support in the evidence, and determines an issue squarely within the province of the trier of the facts. It therefore properly may not be overturned upon appeal. Even under the most favorable application of the legal principles contended for by the appellant, (which are enunciated in the cases cited in the opinion of the trial court, supra), it was yet essential to his right of recovery that the necessary repairs be completed within a reasonable time. With this fact established against him, the appellant's claim fails. The judgment of the trial court is

Affirmed.

---

1. The court also expressed the opinion that without written endorsement from the company sixty days was the extent of permissible vacancy whether the premises be under repair or in condition for habitation. Our ruling here should not be considered as approval of this view.