JOSEPHINE DEVANZO, Respondent, *v.* NEWARK INSURANCE COMPANY, Appellant, and KARL & PASQUALONE, INC., Respondent.

Second Department, March 11, 1974.

40

[redacted]

*Zisper & Zisper, P. C. (Bernard Meyerson* of counsel), for appellant.

*Woodrow, Burrows & O'Carroll (Leon A. Lauterbach* of counsel), for Josephine DeVanzo, respondent.

*Mead, Dore & Voute, P. C. (Richard L. Magro* of counsel), for Karl & Pasqualone, Inc., Respondent.

HOPKINS, J. The defendant Newark Insurance Company issued a fire insurance policy in the sum of $25,000, covering the plaintiff's premises at 83 Ravine Avenue, Yonkers, New York, for one year beginning February 11, 1971. The premises were used both as a restaurant and as a dwelling.

The policy followed the form of standard policy authorized by the Insurance Law (Insurance Law, § 168, subd. 5)[1] and contained a provision that Newark " shall not be liable for loss occurring * * * (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days."

On November 8, 1971 the premises were extensively damaged by fire. On February 8, 1972 a second fire occurred on the premises. After the second fire Newark paid $20,187 in settlement of the plaintiff's claim on the first fire. It refused to pay the plaintiff's claim on the second fire on the ground that the premises had been vacant for the period between the two fires

---

1. Subdivision 6 of section 168 of the Insurance Law, formerly specifying the form of the standard fire policy, was renumbered subdivision 5 by chapter 509 of the Laws of 1970.

— a period beyond the 60 days prescribed as a limit by the policy.

The plaintiff then commenced this action to recover damages caused to the premises by the second fire against Newark under the policy and against Karl & Pasqualone, Inc., the agent, for failure to advise the plaintiff of loss of coverage.[2] Karl & Pasqualone, Inc. in its answer asserted a cross complaint against Newark for recovery of any damage which it might be held to pay to the plaintiff.

Newark moved to dismiss both the complaint and the cross complaint on the ground that as a matter of law it was not liable under the policy for damages resulting from the second fire by reason of the violation of the condition limiting nonoccupancy of the premises to 60 days. Both the plaintiff and Karl & Pasqualone, Inc. resisted the motion. Special Term found issues of fact to be decided at the trial and denied the motion. We affirm the order of Special Term.

There is no issue between the parties with respect to the nonoccupancy of the premises between the two fires. The plaintiff admits that this was so. The true issue is whether the nonoccupancy clause in the policy relieves Newark from liability under these circumstances. No case in New York has considered the point.

In other jurisdictions precedents are sparse and have faced both ways. An early case in Nebraska held that the insurer must pay for a loss occurring from a second fire, even though the premises were unoccupied as the result of the first fire (*Lancashire Ins. Co.* v. *Bush,* 60 Neb. 116). There, the policy provided that it should be void if the building were vacant for more than 10 days. The Nebraska court said that a forfeiture could not be sanctioned since it could not have been contemplated by the parties that the building should be occupied when, as a result of its partial destruction by fire, it became unfit for occupancy. Nor, the court pointed out, did the insurer cancel the policy after the first fire. Nebraska continues to hold this position (*Schmidt* v. *Williamsburgh City Fire Ins. Co.,* 98 Neb. 61).

Shortly after *Bush* was decided, New Jersey held to the contrary (*Kupfersmith* v. *Delaware Ins. Co.,* 84 N. J. L. 271). In *Kupfersmith* the policy provision was precisely the same as in *Bush.* Rejecting expressly the reasoning of the Nebraska

2. Other causes of action in the complaint against both defendants (a) allege that Newark was bound by the agent's knowledge of the nonoccupancy of the premises before the second fire and (b) seek reformation of the policy.

court, the New Jersey court found that the contract between the parties had to be enforced as it was written, that there was no room for the construction of any exception and that a court was not free to insert a new provision creating liability in the contract.

The little authority on the question has supported the view of the Nebraska court (*American Cent. Ins. Co. of St. Louis v. McHose*, 66 F. 2d 749; *Kugler v. Philadelphia Fire & Mar. Ins. Co.*, 204 F. 2d 297; *Aetna Cas. & Sur. Co. v. Transamerica Title Ins. Co. of Colorado*, 29 Col. App. 87). In these cases the occupancy clause was similar to the provisions before us, i.e., excusing the insurer from liability in the event of vacancy of the premises beyond a stated period. Moreover, the divergence between the Nebraska and New Jersey courts was explicitly considered and the choice between the two rules clearly made in favor of the Nebraska view.

We note first that the standard clause in New York is not as strict as the language either in *Bush* or in *Kupfersmith*. It does not render the policy void in the event of nonoccupancy beyond the prescribed period; instead, it exempts the insurer from liability in the event of such nonoccupancy.[3] But, quite apart from this minor distinction, we think that the case before us presents the same arguments which were necessarily comprehended in those decisions.

The vacancy clause in fire insurance policies was undoubtedly designed to protect the insurer against an exposure to a risk which it did not desire to undertake — since an empty building in common experience is more vulnerable to fire loss than an occupied building. At the same time, however, it is common experience as well that a building damaged by fire usually is not inhabitable. Here, the record is clear that Newark was aware of the condition of the building as the result of the first fire, since payment in settlement of the loss following it was made by Newark on February 10, 1972, two days after the second fire. Newark's position that it is not liable after the lapse of 60 days beyond the first fire would leave the plaintiff without further protection, though Newark never canceled the policy. This, we think, was not within the contemplation of the parties.

---

3. At one time the verbiage under the standard form in New York used the term " void " in reference to the event of vacancy of the premises as in the *Bush* and *Kupfersmith* cases. The present verbiage was apparently substituted in order to eliminate the question whether the policy should not properly remain in effect for other purposes (cf. *Filardo v. National Union Fire Ins. Co.*, 224 App. Div. 136, 138).

On a second ground Newark cannot shed liability under the vacancy clause. The policy further provides that Newark at its option may "repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required." Though Newark did not take advantage of this option, the plaintiff could not be sure of its disinclination until 30 days had passed from the time the proof of loss was received by Newark. In this sense the operative effect of the two clauses, read together, was to suspend the vacancy clause while Newark was deciding its course of action (cf. *Kugler v. Philadelphia Fire & Mar. Ins. Co.*, 204 F. 2d 297, *supra*).

A court may not, of course, rewrite a contract to accord with its instinct for the dispensation of equity under the facts of a case (cf. *First Nat. Stores v. Yellowstone Shopping Center*, 21 N Y 2d 630, 637–638); we would rapidly approach the status of paternalism if this principle were dominant. But courts do not rewrite a contract when the intentions of the parties, fairly inferable from the circumstances, are determined and enforced. If the contract here had expressly provided that vacancy due to fire for more than 60 days would relieve the insurer of liability for a second fire, a court could not find that the condition did not apply to exculpate Newark under the facts of the case. The contract between the parties does not contain such a clause and we must decide the effect of the language which it does contain. Our judgment is that the language of the contract does not exempt Newark from liability in the light of the circumstances disclosed by this record. We, of course, pass on no other question.

The order should be affirmed, with one bill of $20 costs and disbursements to respondents jointly, and the time within which the appellant may answer the complaint and the cross complaint should be extended until 20 days after entry of the order to be made hereon.

Gulotta, P. J., Martuscello, Latham and Brennan, JJ., concur.

Order of the Supreme Court, Westchester County, entered July 9, 1973, affirmed, with one bill of $20 costs and disbursements to respondents jointly. The time within which appellant may answer the complaint and the cross complaint is extended until 20 days after entry of the order to be made hereon.