McLEOD & HENRY Co., INC., Appellant, *v.* EMPLOYERS' FIRE INS. Co. et al., Respondents.

Third Department, December 23, 1974.

*Shanley & Shanley* (*Donald J. Shanley* of counsel), for appellant.

*Bouck, Holloway & Kiernan* (*Francis J. Holloway* of counsel), for Employers' Fire Ins. Co., respondent.

*Donohue, Bohl, Clayton & Komar* for Herrick & Herrick, Inc., and others, respondents.

SWEENEY, J. This is an action to recover on a fire insurance policy issued by defendant Employers' Fire Insurance Company to plaintiff. The building covered by the policy was ravaged by fire on May 18, 1970. Concededly, the building was vacant and unoccupied from May 27, 1969 to the date of the fire. The present action was commenced after defendant refused to pay the amount allegedly due under the policy. Defendant moved for summary judgment and Special Term granted the motion. This appeal ensued.

There are no factual disputes. The basic policy contained the standard "60-day vacancy exclusion clause" which defendant pleaded as an affirmative defense in its answer. This clause read as follows: "Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring * * * (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days".

The policy also provided for extended coverage and contained the following language: "A claim for loss by any peril insured against by this endorsement shall not be barred because of change of occupancy, nor because of vacancy or unoccupancy."

The defendant contends that the vacancy and unoccupancy clause is a bar to plaintiff's right to recovery under the policy. Plaintiff, on the other hand, maintains that there is a conflict between the two clauses in the policy resulting in an ambiguity which was created by defendant and, therefore, the ambiguity must be construed against defendant. In other words, plaintiff argues that the language of the clause contained in the "Extended Coverage Endorsement" superseded the language of the basic policy.

We do not disagree with the rule of strict construction against an insurance company where there is ambiguity in the language of the policy. (*Halsey Drug Co.* v. *American Mfrs. Mut. Ins. Co.*, 30 A D 2d 946.) Such rule, however, has no application here. A careful reading of the policy in its entirety fails to demonstrate any ambiguity. It is abundantly clear that the "60-day vacancy clause" applied to damages resulting from fire, while the other clause in question applied only to that portion of the policy which provided for extended coverage. (*Transport Realty Co.* v. *Commercial Union Ins. Co.*, 404 F. 2d 892.) Such a conclusion, in our view, is both reasonable and logical. The construction urged by plaintiff would, on the other hand, render the 60-day clause meaningless. From an analysis of the policy with the coverage contemplated, the difference in the provisions establishing coverage is justified. It is reasonable and proper to conclude that the risk of fire is greater in an unoccupied building, whereas unoccupancy would have little impact on risk of damage due to windstorm, hail, explosion, etc. Consequently, Special Term properly granted summary judgment to defendant and the order should be affirmed.

The order should be affirmed, with costs.

GREENBLOTT, J. P., COOKE, KANE and REYNOLDS, JJ., concur.

Order affirmed, with costs.