■ MARION L. KORN, Respondent, v NEW YORK PROPERTY INSURANCE UNDERWRITING ASSOCIATION, Appellant, and AETNA CASUALTY AND SURETY COMPANY, Respondent.—In an action on policies of fire insurance, defendant New York Property Insurance Underwriting Association appeals from an order of the Supreme Court, Nassau County, dated December 30, 1976, which, *inter alia*, (1) dismissed its defense that the amount due and owing the plaintiff must be prorated based on the total coverage of all applicable insurance policies and (2) granted the motion of defendant Aetna Casualty & Surety Company (Aetna) for summary judgment dismissing the complaint as against it. Order affirmed, with one bill of $50 costs and disbursements payable jointly to respondents by defendant-appellant. When the plaintiff's premises were damaged by fire on March 19, 1975, the only insurance policy that provided coverage against such loss was the policy issued by the appellant. The policy issued by defendant Aetna, although technically in effect, did not provide coverage for the premises by reason of its 60-day vacancy suspension clause. In pertinent part, the Aetna vacancy clause provided that: "Unless otherwise provided in writing added hereto, this Company shall not be liable for loss occurring * * * (b) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days". The plain meaning of this clause is that if the subject premises are vacant beyond a 60-day grace period, coverage will be suspended (see *McLeod & Henry Co. v Employers' Fire Ins. Co.,* 46 AD2d 242). Although Aetna issued three separate indorsements extending the grace period, in consideration of additional premium payments, the last such extension expired on February 27, 1975. Prior to that date the plaintiff was notified that Aetna would not again extend the grace period and that it should obtain substitute coverage. The policy with appellant provided such coverage. It cannot be said that the extension indorsements constituted a waiver of the vacancy exclusion clause. Therefore the order of Special Term should be affirmed. Hopkins, J. P., Shapiro, Suozzi and Mollen, JJ., concur.