■ EDWARD A. MCMAHON et al., Appellants, v TRAVELERS INDEMNITY COMPANY, Respondent.—Appeal from an order of the Supreme Court at Special Term, entered October 24, 1978 in Albany County, which granted defendant's cross motion for summary judgment and dismissed the complaint. On July 21, 1977, a strong wind blew down a large maple tree and two limbs from a box elder tree on property belonging to plaintiffs, and two fences on the property were also damaged by the falling trees. As a consequence, plaintiffs commenced the present action based upon a homeowners' insurance policy issued to them by defendant, and in this action they seek to recover from defendant as damages the value of the maple tree, the cost of estimating the value of the maple tree, the cost of removing the debris which resulted from the falling tree and limbs and the cost of repairing the two fences. In its answer, defendant concedes its liability for the damage to the two fences, but asserts that the other damages alleged by plaintiffs are not covered by the insurance policy in question. Ultimately, at Special Term, both parties moved for summary judgment, and the court granted defendant's cross motion for summary judgment and dismissed the complaint. This appeal followed. Upon our examination of plaintiffs' homeowners' policy, we find it clearly and unambiguously affords coverage against all risks of direct physical loss only to dwellings and appurtenant private structures, and trees, such as those at issue here, are obviously not included in either of these two categories of covered structures. Moreover, the policy specifically extends coverage to trees in another of its provisions, but this latter coverage is expressly limited to losses resulting from causes other than wind or storm. Under these circumstances, with no triable factual issues presented, the clear and unambiguous language of the policy must be given effect and plaintiffs must be denied any recovery for the damage to their trees (cf. *Trimble-Waterman Assoc. v Certain Underwriters at Lloyds,* 41 NY2d 934; *McLeod & Henry Co. v Employers' Fire Ins. Co.,* 46 AD2d 242). This result does not affect plaintiffs' claim relative to their fences, however, and, as noted above, defendant concedes its liability for the repair of the damaged fencing. Such being the case, plaintiffs are entitled to partial summary judgment in the sum of $39.58, i.e., $89.58, the uncontested amount of damage sustained by the fences, less $50, the applicable deductible amount as provided in plaintiffs' homeowners' policy. Order modified, on the law, by granting plaintiffs partial summary judgment in the sum of $39.58, and, as so modified, affirmed without costs. Sweeney, J. P., Kane Staley, Jr., Main and Herlihy, JJ., concur.