■ MANHATTAN 30 CORPORATION et al., Appellants, v NASSAU COUNTY, Respondent. — Appeal from an order of the Supreme Court, Nassau County (Roncallo, J.), entered April 15, 1983, dismissed, with costs to respondent. ¶ No appeal lies from an order entered on default (*Solecki v County of Suffolk,* 65 AD2d 554). Lazer, J. P., Weinstein, Brown and Lawrence, JJ., concur.

■ ANTONIO MARENO, as Executor of JULIA B. JOHNSON, Deceased, Appellant, v SECURITY MUTUAL INSURANCE COMPANY, Respondent. — In an action to recover damages incurred from the illegal cancellation of a homeowner's insurance policy, plaintiff, as the executor of the named insured, appeals from an order of the Supreme Court, Westchester County (Coppola, J.), entered November 29, 1982, which denied his motion for summary judgment. ¶ Order affirmed, without costs or disbursements. ¶ Apparently, there is a provision in the subject homeowner's insurance policy which relieves the insurance carrier from liability if the insured premises becomes vacant or unoccupied for a specified period of time. There is no dispute between the parties that the insured premises was both vacant or unoccupied for a specified period of time. Whether this vacant or unoccupied provision is applicable where the named insured and sole occupant of the insured premises dies and her legal representative is substituted as the named insured in accordance with another policy provision is a question of law (see *De Vanzo v Newark Ins. Co.,* 44 AD2d 39; *McLeod & Henry Co. v Employers' Fire Ins. Co.,* 46 AD2d 242; 8 Couch, Insurance 2d, Vacancy and Unoccupancy, § 37:864; 29 NY Jur, Insurance, § 593). Nevertheless, plaintiff's motion for summary judgment was correctly denied because a construction of the written contract of insurance is precluded by the parties' failure to proffer as exhibits all the provisions of the policy at issue. Titone, J. P., Gibbons, O'Connor and Rubin, JJ., concur.

■ MARC W. MAUSS, Appellant, v FREDA MAUSS, Respondent. (And a Second Proceeding.) — In related proceedings involving a petition for custody and a petition for support, the husband appeals from (1) an order of the Family Court, Kings County (Deutsch, J.), dated November 22, 1982, which granted the wife's petition, *inter alia,* for an upward modification of support, and (2) a further order of the same court, dated January 25, 1983, which, *inter alia,* denied his petition for custody. ¶ Orders affirmed, with one bill of costs. ¶ Appellant's income has quadrupled since the original order of alimony and child support was set at $30 per week in 1975. Accordingly, an upward modification was more than justified by the substantial change in circumstances (see Domestic Relations Law, § 236, part A, subd 1). We have considered appellant's remaining contentions and find them to be without merit. Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.