LANCASHIRE INSURANCE COMPANY V. ABBIE BUSH ET AL.

FILED APRIL 4, 1900.    No. 9,220.

1. **Judgment: ERROR: SUBSTANTIAL RIGHT OF PARTY.** A judgment will not be reversed because of an error or defect in the proceedings which does not affect the substantial rights of the complaining party.

2. **Statute: VALUED POLICY: MEASURE OF RECOVERY: TOTAL LOSS.** Under the valued policy law (Compiled Statutes, 1899, ch. 43, sec. 43), the statute fixes the worth of the property insured conclusively at the valuation written in the contract of insurance, and in case of total loss, that sum is the measure of recovery.

3. ———: ———: **PARTIAL LOSS.** Under such a policy, in case of a partial loss, the actual damage is the measure of recovery.

4. ———: ———: **MEASURE OF RECOVERY: TWO FIRES: TOTAL LOSS.** If, under a valued policy, the property insured is totally destroyed as the result of two or more fires, the measure of recovery for the final loss is the amount written in the contract less amounts paid in settlement of previous losses.

5. **Partial Loss: OCCUPANCY: VACANCY CLAUSE.** After a partial loss under a fire policy which renders the building untenantable, the insured is not guilty of a breach of the vacancy clause of the contract where he permits the property to remain unoccupied pending the period during which the insurer is authorized to exercise his option to repair the damaged building.

6. **U. S. Constitution: POWER TO CLASSIFY SUBJECTS.** There is nothing in the constitution of the United States, or of this state, which forbids classification of subjects for the purpose of legislation. The power to classify is subject only to the limitation that the classification must not be arbitrary.

7. **Statute: ATTORNEY FEE: PUBLIC POLICY: CONSTITUTIONAL LAW.** The provisions of section 3 of the valued policy law (Compiled Statutes, 1899, ch. 43, sec. 45), permitting the taxation as costs of a reasonable attorney's fee upon rendering judgment against an insurance company on a contract insuring real estate, is grounded on considerations of public policy and is constitutional.

ERROR to the district court for Lancaster county. Tried below before HALL, J.    *Affirmed.*

*Wellington H. England* and *Halleck F. Rose,* for plaintiff in error:

The valued policy law does not apply to this case, because the petition declares for a partial loss only. The amount written in the policy is taken to be the value in cases of total loss only, where it is required to ascertain the value of the insured building in its entirety. In all other cases 'findings of the value must be supported by competent testimony. Session Laws, 1899, p. 425, ch. 48; Compiled Statutes, ch. 43, secs. 43-45.

The courts can not enlarge the provisions of the valued policy act. It must be followed literally, without departure from its terms. The language of the act is clear, and admits of but one meaning. There is no room for construction. It is not allowable to interpret that which has no need of interpretation. In this case any departure from the language used would be an assumption of legislative powers. *United States v. Hartwell,* 6 Wall. [U. S.], 395; *Martin v. Swift,* 120 Ill., 489; *Furey v. Town of Gravesend,* 104 N. Y., 405; *Dodge v. Love,* 49 N. J. Law, 235; *Townsend v. Brown,* 24 N. J. Law, 80; *Smith v. State,* 66 Md., 215; *Rich v. Keyser,* 54 Pa. St., 86; *Tynan v. Walker,* 35 Cal., 634; *Woodbury v. Berry,* 18 Ohio St., 456; *In re Hinkle,* 31 Kan., 712; *Newell Universal Mill Co. v. Muxlow,* 115 N. Y., 170; *Frye v. Chicago, B. & Q. R. Co.,* 73 Ill., 399.

The courts will construe strictly all statutes passed in modification or derogation of the common law, assuming that the legislature has, in the terms used, expressed all the change it intended to make in the old law, and will not, by construction or intendment, enlarge its operation. *Hollman v. Bennett,* 44 Miss., 322.

Section 3 of the valued policy law (Session Laws, 1889, ch. 48; Compiled Statutes, ch. 43, sec. 45), directing the taxation of an attorney fee to plaintiff on rendition of judgment on a policy insuring real estate, is violative of that clause in section 1, of the fourteenth amendment

of the constitution of the United States, which declares that no state shall "deny to any person within its jurisdiction the equal protection of the laws," and therefore void. The section of the statute directing the taxation of an attorney's fee to a successful plaintiff, is violative of the provisions of the constitution of the state prohibiting special legislation regulating the practice of courts of justice; that all laws relating to proceedings and practice of courts shall be uniform; that all courts shall be open and justice administered without denial; and that no person shall be deprived of property without due process of law. *Moore v. Herron*, 17 Nebr., 703; *Garneau v. Omaha Printing Co.*, 42 Nebr., 847; *Coburn v. Watson*, 48 Nebr., 257.

*Abbott, Selleck & Lane*, for Abbie Bush, defendant in error:

It is contended that the valued policy law, so called, does not apply to this case for the reason that the loss, which the evidence shows to have been a total loss, was not occasioned at one time and by a single fire. Had the property been wholly destroyed by the first fire, July 31, there could be no doubt that the liability of the insurance company, under the law, would have been the amount written in the policy, to wit, $1,800. *German Ins. Co. v. Eddy*, 36 Nebr., 461; *Insurance Co. of North America v. Bachler*, 44 Nebr., 549.

It is difficult to see how that liability became changed by the fact that the total destruction of the property was delayed until Sept. 23, assuming that the policy remained in force at that date. The first loss was a partial loss, and settled for upon that basis. The amount agreed upon was deducted from the face of the policy, and "the amount written in the policy" thereupon became the difference between the face of the policy and the amount indorsed thereon as paid. This seems too clear for argument or illustration. If the risk as thus constituted was greater than the company wished to carry, it was op-

tional with it to cancel same at any time before a loss should occur thereunder, upon compliance with certain plain provisions of the law and the policy. *German Ins. Co. v. Rounds*, 35 Nebr., 752.

*Willard E. Stewart*, for William McWhinnie, defendant in error:          •

Cross-petitioner's right to recover is not dependent on that of the plaintiffs. The mortgage clause was an independent contract between the insurance company and the mortgagee. *Hanover Fire Ins. Co. v. Bohn*, 48 Nebr., 743.

SULLIVAN, J.

The Lancashire Insurance Company issued to Abbie Bush and Mabel B. Davis the contract of insurance upon which this action is grounded. The property insured was real estate, being a dwelling house in Crystal Springs Addition to the city of Lincoln. The amount of insurance written in the policy was $1,800, and it was stipulated that the loss, if any, should be payable to William McWhinnie, mortgagee, as his interest might appear. On July 31, 1894, the insured building was partially destroyed by fire. Arbitrators chosen by the parties to ascertain the actual amount of the injury, determined that the property was damaged to the extent of $748.80. This sum was paid by the company and accepted by the insured and the mortgagee as full compensation for the loss sustained. The building was not restored to its former condition, but remained vacant and untenantable until September 23, 1894, when a second fire completed the work of the first by reducing the remnant to ashes. This action was then instituted to recover of the company the difference between the amount paid on account of the first loss and the amount for which the property was insured. The jury, in obedience to a peremptory instruction from the court, returned a verdict in favor of Bush, Davis and McWhinnie for the sum of $1,147.98, and judgment was rendered accord-

ingly. The court, also, allowed the plaintiffs $150 as an attorney fee and taxed the same to the company as part of the costs. A reversal of the judgment is contended for upon four grounds.

It is first insisted that the court erred in permitting McWhinnie to assert his claim both by petition and answer. It is not clear that the petition, in which he was named as a party plaintiff, was filed by his authority; but if it was so filed, we can not see that the judgment should for that reason be set aside. By section 145 of the Code of Civil Procedure, it is made the duty of the court in every stage of an action, to disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the complaining party; and it is therein further declared that "no judgment shall be reversed or affected by reason of such error or defect." It does not appear that the company was, or that it could have been, prejudiced in the slightest degree by reason of the failure of the court to strike McWhinnie's name from the petition. There is, therefore, no merit in the first assignment of error discussed in the briefs.

The next question for decision is whether the loss occasioned by the second fire was a total loss within the meaning of the valued policy law which took effect July 1, 1889. The first section of the act is as follows: "Whenever any policy of insurance shall be written to insure any real property in this state against loss by fire, tornado, or lightning, and the property insured shall be wholly destroyed, without criminal fault on the part of the insured or his assigns, the amount of the insurance written in such policy shall be taken conclusively to be the true value of the property insured, and the true amount of loss and measure of damages." Compiled Statutes, 1899, ch. 43, sec. 43. This statute is grounded on public policy. It is designed to prevent over-insurance and to avoid the evils resulting therefrom. *Oshkosh Gas-Light Co. v. Germania Fire Ins. Co.,* 71 Wis., 454; *In-*

*surance Co. v. Leslie*, 47 Ohio St., 409.   To accomplish the end in view, the legislature has provided that, in case the insured property is entirely destroyed, the insurer shall abide by the valuation written in the policy.  The statute, which is to be regarded as part of the contract, fixes conclusively the worth of the building which is the subject of insurance.   If the property is wholly destroyed, its actual value is not to be determined by evidence, agreement or arbitration.   The damages are liquidated and the measure of recovery already ascertained. But if a partial loss occur the policy-holder is entitled to actual damages only, because the law has not fixed the value of any part of the insured property.   In this case the insurer paid the actual damages resulting from the first fire.   It does not claim to have paid anything more. When the second fire occurred and the building was wholly destroyed, the owners were entitled to recover as damages its true value less the amount previously paid.   The true value of the entire structure being indisputably fixed at $1,800, and it being conceded that the actual loss caused by the first fire was $748.80, the conclusion is inevitable that the value of the remainder was $1,051.20.   To receive evidence for the purpose of ascertaining the amount of the loss occasioned by the second fire, would violate the policy of the law, which is to make the insurer pay the amount of the risk upon which it has taken premiums.   We are not able to see any force in the argument that the statute does not apply because the property was destroyed by two fires instead of one. Neither are we able to see that the adjustment of the first loss relieves the company from the obligation imposed upon it by the law and its contract.   It made no bargain with the insured of which it is deprived by the judgment of the district court.   Indeed it is believed that it could have made no bargain by which, in the event of a total loss of the insured property, it could escape from its obligation to pay the full amount of the indemnity for which the policy was written.   As before remarked,

the statute rests on considerations of public policy, and it is probable that the insured could not, even by express contract, relinquish the benefit of its provisions. *Reilly v. Franklin Ins. Co.*, 43 Wis., 449; *Emery v. Piscataqua Ins. Co.*, 52 Me., 322.

Another contention of the company is that the policy was not in force at the time of the second fire. This claim is based on the following provision of the contract: "This entire policy unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the * * building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied and so remain for ten days." The policy also provided that the company might, at its option, repair the building and restore it to its former condition. This option was not exercised until about the time of the second fire, and, consequently, the plaintiffs could not have made the building habitable, without trenching on the insurer's rights. They were not responsible for the fact that the property was vacant. But aside from this consideration, we think it very clear that there was no forfeiture under the clause above quoted. It could not have been contemplated by the parties that the building should be occupied, when, as a result of its partial destruction by fire, it became unfit for occupancy. If the company was dissatisfied with the risk after July 31, its remedy was by a cancellation of its contract. That it did attempt to put an end to its liability just prior to the second fire, indicates that it considered the policy in force on the untenanted building, and evidences a construction of the instrument which seems just and reasonable.

The question remaining yet to be considered is the validity of the statute under which the court acted in taxing an attorney fee of $150 against the company as part of the costs. The third section of the valued policy law is as follows: "The court upon rendering judgment against an insurance company upon any such policy of insurance shall allow the plaintiff a reasonable sum as

an attorney's fee, to be taxed as part of the costs." Compiled Statutes, 1899, ch. 43, sec. 45. It is argued by counsel for the company that this provision of the act goes beyond the limits of valid legislation; that it is partial and oppressive, and denies to insurers of real property the equal protection of the laws. In *Insurance Co. of North America v. Bachler*, 44 Nebr., 549, the law was assailed as being unconstitutional, but the court held, in an opinion by Commissioner RAGAN, that it was a warrantable exercise of legislative power. In other cases judgments of the district court were affirmed on the assumption that the law authorizing the taxation of attorneys' fees against insurance companies was a constitutional and valid law. *German Ins. Co. v. Eddy*, 37 Nebr., 461; *Hanover Fire Ins. Co. v. Gustin*, 40 Nebr., 828; *Home Fire Ins. Co. v. Skoumal*, 51 Nebr., 655; *Hartford Fire Ins. Co. v. Corey*, 53 Nebr., 209; *Home Fire Ins. Co. v. Weed*, 55 Nebr., 146. These decisions are vigorously attacked, but we are convinced, as the result of further investigation of the subject, that they are sound and should be adhered to. There is nothing in the constitution of the United States, or of this state, which forbids classification of subjects for the purpose of legislation. *Barbier v. Connolly*, 113 U. S., 27; *Atchison, T. & S. F. R. Co. v. Matthews*, 174 U. S., 96; *State v. Farmers & Merchants Irrigation Co.*, 59 Nebr., 1. The power of the legislature to classify is subject only to the limitation that the classification must not be arbitrary. There must be some just reason for the creation of the class to be exclusively affected by legislative action. In *State v. Farmers & Merchants Irrigation Co.*, *supra*, page 3, it was said: "The rule established by the authorities is that, while it is competent for the legislature to classify, the classification, to be valid, must rest on some reason of public policy, some substantial difference of situation or circumstances, that would naturally suggest the justice or expediency of diverse legislation with respect to the objects classified." "The differences which will support class legislation,"

says Mr. Justice Brewer in *Gulf, C. & S. F. R. Co. v. Ellis,* 165 U. S., 150, 155, "must be such as in the nature of things furnish a reasonable basis for separate laws and regulations." What reason existed at the time of the adoption of the valued policy law to induce the legislature to segregate insurers of real estate from other litigants and to subject them to burdens from which other unsuccessful suitors are exempt? The reason is not far to seek. It is a matter of common knowledge that corporations engaged in the business of insuring real estate, have been long accustomed to vexatiously and oppressively resisting payment of claims arising under their policies. The reports of this court bear abundant evidence to the fact that no other class of litigants has so persistently endeavored to escape liability from their contract obligations by interposing technical and unconscionable defenses to actions instituted against them. The legislature was, we think, within its constitutional power in selecting this class of insurance companies from all other litigants, and subjecting them, if unsuccessful, to the payment of attorneys' fees, because experience and observation had shown that the defenses upon which they generally rely, are without merit and constructed out of some of the forfeiture clauses with which their policies are thronged. The law in question was designed to repress an evil practice, to advance public interest and promote justice. It was an exercise of legislative power justified by considerations of public policy. Similar statutes have been held valid in other jurisdictions. *Kansas P. R. Co. v. Mower,* 16 Kan., 573; *Atchison, T. & S. F. R. Co. v. Matthews,* 58 Kan., 447; *Peoria, D. & E. R. Co. v. Duggan,* 109 Ill., 537; *Perkins v. St. Louis, I. M. & S. R. Co.,* 103 Mo., 52; *Burlington, C. R. & N. R. Co. v. Dey,* 82 Ia., 312; *Wortman v. Kleinschmidt,* 12 Mont., 316; *Cameron v. Chicago, M. & S. P. R. Co.,* 63 Minn., 384; *Vogel v. Pekoc,* 157 Ill., 339. The judgment of the district court is

AFFIRMED.