GLOBE & RUTGERS FIRE INS. CO. *v.* GREEN.

(Division B.   March 27, 1933.)

[146 So. 889.   No. 30464.]

**Watkins, Watkins & Eager,** of Jackson, for appellant.

Whittington & Brown, of Natchez, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee filed her bill in the chancery court of Adams county against appellant to recover a fire loss on her residence under a fire insurance policy theretofore issued by appellant to her. There was a trial on original bill, answer and proofs, resulting in a decree in appellee's favor in the sum of one thousand five hundred sixty-seven dollars and ninety cents; from that decree appellant prosecutes this appeal.

Appellant defended upon three grounds: (1) That when the fire occurred the policy had been cancelled; (2) that appellee had violated the vacancy clause of the policy; (3) that appellee failed to give notice and make proof of loss as required by the policy; and that upon each of these grounds appellant should have had a decree of no liability. We are of opinion that appellant was entitled to a decree upon the second ground, namely, that there was no liability because appellee had violated the vacancy clause of the policy. It therefore becomes unnecessary to pass on either of the other grounds.

There is no real and substantial dispute as to the facts out of which this question arises. Appellee owned a residence in the city of Natchez. It was insured against

damage or loss by fire by appellant. On May 18, 1930, while the policy was in force, the residence was partially destroyed by fire. It was damaged to such an extent that it was uninhabitable. There were two mortgages on the property; one in favor of H. M. Marks, and the other in favor of Louis Fry. These mortgages were given to secure debts due by appellee to Marks and Fry; H. S. Patterson was the trustee in each of them. Attached to the policy was the usual mortgage provision, which provided, among other things, that in case of loss or damage under the policy proceeds should be payable to H. S. Patterson, trustee in those mortgages, as the interest of the mortgagees might appear. Shortly after the fire appellee employed H. S. Patterson, trustee in the mortgages, as her agent and attorney to give notice and make proof of the loss and adjust with and collect the proceeds of the loss from appellant and apply it on the mortgages held by Fry and Marks. The fire loss was insufficient to satisfy the mortgages. Accordingly, Patterson, representing appellee and the mortgagees, gave notice of the loss and made proof thereof, as required by the policy. The proof was made on the 10th of June, 1930; however, on the back of the proof there is this notation: ''Received, June 27, 1930. A. C. M. Globe & Rutgers.'' In a day or two, and at the outside only a few days, after proof of loss was made, Patterson and appellant adjusted the loss, agreeing on the sum of three hundred ninety-eight dollars. The adjustment was concluded before the 25th of June, because on that day appellant issued, and Patterson later received, its check for that sum, payable to appellee and Patterson as trustee in the mortgages. Appellee refused to accept the check. The evidence shows without conflict that her refusal was not upon the ground that the amount of the loss agreed upon was too small, or that Patterson was not authorized to collect and make the adjustment as her agent and attorney; on the contrary, the evidence shows that her refusal was purely arbitrary, probably the fact that

none of the money was to go to her, but all of it to her mortgagees, had something to do with her refusal. Later on the check dated June 25th was returned by Patterson, and on the 7th of November, 1930, appellant sent him a check for three hundred ninety-eight dollars, payable to him on account of Lillie Green and as trustee in the Marks and Fry mortgages. Patterson collected this check and turned the proceeds over to the mortgagees according to their rights.

In the meantime, and on the·24th of August, 1930, another fire entirely destroyed appellee's residence. It was for this loss that this suit was brought. During the period between the first and the second fires, over three months, the residence was vacant. The policy contained a vancancy clause. Appellant contends that it was the usual ten-day vacancy clause, while appellee contends that it was the thirty-day vacancy clause. Strange to say, the record in the case is in such a confused condition as to leave it uncertain which of the vacancy clauses the policy contained. For the purpose of this decision, however, we will treat it as containing the thirty-day clause. Appellee neither applied for nor received any vacancy permit from appellant, between the two fires. The policy provided that appellant, in case of loss, should have the right to repair or rebuild ''on giving notice within thirty days after the receipt of the proof herein required of its intention so to do,'' but that there could be no abandonment of the property to appellant.

To go over again briefly the outstanding facts: The first fire, May 18, 1930; proof of loss, June 10th thereafter; the adjustment and settlement of the loss prior to June 25th; check for the amount on that date; the second loss, August 24th; the residence unoccup:ed between the two fires; no vacancy permit applied for nor granted. After the first fire and until the second, the residence was uninhabitable. Appellant did not exercise its option to repair, but, on the contrary, proceeded at once after the first fire to adjust the loss. Appellant

received the proof of loss not later than June 11th, because the evidence shows that on that date Patterson and the adjuster had about adjusted the loss. The evidence shows with absolute certainty that some days prior to the 25th of June the whole matter of the loss had been agreed upon between Patterson, acting for appellee and the mortgagees, and appellant, and on that day appellant's check was issued for the amount of three hundred ninety-eight dollars, payable as stated above.

Appellee's contention is that the vacancy clause in the policy was suspended during the thirty-day period in which appellant had the right to exercise its option to repair, and that the option began on the 27th of June. Appellee fixes that date because, as above shown, it was noted on the back of the proof of loss as the date the proof was received by appellant. Appellee relies on the principle declared by the Supreme Court of Nebraska in Lancashire Insurance Company v. Bush, 60 Neb. 116, 82 N. W. 313, and Schmidt v. Williamsburgh City Fire Ins. Co., 98 Neb. 61, 151 N. W. 920. The court held in those cases that after a partial loss, under a fire policy, which renders the building uninhabitable, the insured is not guilty of a breach of the vacancy clause of the contract where he permits the property to remain unoccupied pending the period during which the insurer is authorized to exercise his option to repair the damaged building. Applying that principle, appellee argues thus: Proof of loss made June 27th. Appellant had thirty days, until July 27th, to exercise its option to repair. During this time the thirty-day vacancy clause was suspended; therefore time did not begin to run against the thirty-day vacancy clause until July 27th, and the residence was destroyed on the 24th of August, within the thirty-day vacancy period.

We do not decide whether the principle laid down by the Nebraska court meets our approval or not; it is not necessary to do so. We hold that the principle has no application where the evidence shows, as it does in this

704

case, that within the thirty-day option period the insurance company waives the option by proceeding with and consummating an adjustment of the loss. That was done in this case, and the adjustment was concluded some days prior to the 25th of June, the date of appellant's check covering the amount. The notation on the back of the proof of loss of its receipt by appellant on June 27th amounts to nothing as against the undisputed fact that appellant, or its authorized agent, had prior to that time received notice and proof of loss, and the loss had been adjusted. These facts were either undisputed or shown by the overwhelming weight of the evidence: Proof of loss furnished not later than the 11th of June. Instead of exercising its option to repair, appellant proceeded at once to adjust the loss with appellee's agent and attorney. It was adjusted not later than two or three days before the 25th of June. On that date appellant issued its check for the amount of the loss agreed upon. This settlement was binding on appellee for the reasons above stated. Appellant's thirty-day option to repair expired not later than July 11th. The second fire was on the 24th of August, more than thirty days after the expiration of appellant's option to repair. However, looking at appellee's position in the most favorable light, concede that appellant's thirty-day option to repair did not begin to run until the adjustment had been agreed upon. This occurred a few days before the 25th of June, put it the 23rd of June, adding the thirty-day option to that would take it to the 22nd of August; the fire occurred on the 24th, therefore the property was vacant in violation of the vacancy clause for the space of two days. We do not think the facts of the case and the law justify that view. If there was any suspension of appellant's option to repair, it began when proof of loss was made, which was not later than June 11th, and ran for thirty days, and therefore ended not later than July 11th, and if there was a thirty-day

vacancy clause it began to run on that date and expired not later than August 11th, thirteen days before the fire.

Appellant pleaded a violation of the ten-day vacancy clause as a defense; not the thirty-day clause. As we understand appellee, she contends that, having pleaded a violation of the ten-day vacancy clause, appellant is precluded from relying on the thirty-day clause. We fail to grasp the force of this position. The object of pleading is to give the adversary notice of the pleader's case, so that he will know what he has to meet. Appellee, in attempting to meet appellant's plea, undertook to show that the policy contained the thirty-day vacancy clause instead of the ten-day clause. Appellant replying to that, says it does not make any difference which clause the policy contained; it was nevertheless violated.

The result is that the decree is reversed, and there is a decree here for appellant.

Reversed, and decree here for appellant.