KUGLER v. PHILADELPHIA FIRE & MARINE INS. CO.

Civ. A. No. 899.

United States District Court
E. D. Louisiana, Baton Rouge
Division.

May 13, 1952.

Gladney, White & May, Joseph A. Gladney, Baton Rouge, La., for plaintiff.

Robert W. Williams, Jr., Baton Rouge, La., for defendant.

WRIGHT, District Judge.

This action is based on a fire insurance policy covering the premises owned by the plaintiff at 4110 Prescott Road, Baton Rouge, Louisiana. A fire totally destroyed the insured property on January 30, 1951. Relying on the vacancy clause of the policy [1] the defendant denies liability.

On July 20, 1950 the premises in question became vacant when the tenant to whom they had been let moved. On August 3, 1950 a small fire occurred in the interior of the house on the premises and defendant paid the plaintiff $189.20 to cover the damage occasioned by the fire. The house continued to remain vacant, however, and on October 22, 1950 a second fire occurred. The loss by this fire was adjusted on November 9, 1950 and on November 17, 1950 plaintiff was paid the sum of $260 to cover the damages. The house continued to remain unoccupied and on January 30, 1951 it burned down, a total loss.

Defendant has refused to adjust the loss occasioned by the third fire and pay the plaintiff the damage caused thereby because the house at the time of the fire was vacant and had been so beyond a period of sixty consecutive days. Defendant contends further that the premises were unoccupied for a period of over sixty days prior to the fire on October 22, 1950 and that it had indemnified the plaintiff for his loss in that fire on plaintiff's false representation that the premises had been occupied up to within three weeks of that fire.

Plaintiff admits that the premises were unoccupied from July 20, 1950 until the house was totally destroyed on January 30, 1951. He states, however, that under endorsement No. 2–e(c) of the policy [2] the insurer granted the owner permission to make alterations, additions and repairs to the premises and that while repairs were being made, operation of the vacancy clause was suspended. Secondly, plaintiff contends that the vacancy clause is likewise suspended during the period the premises

1. "Conditions suspending or restricting insurance. Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring * * * (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days."

2. "Permission Granted: * * * (c) to make alterations, additions and repairs and to complete structures in course of construction, and this policy (so far as it applies to buildings) covers all lumber and materials on the premises or adjacent thereto."

were uninhabitable by reason of damage from the fires. He maintains further that under the option provisions of the policy[3] the company had the right to repair the damage wrought by the fire itself by declaring its intention to do so within thirty days after receipt of the proof of loss and that during said period the vacancy clause was likewise suspended.

■ The vacancy clause in question providing that the company will not be liable for any loss occurring when the premises are vacant or unoccupied beyond a period of sixty days is a provision required by state law in all fire insurance policies.[4] Prior to the passage of this statute it had been the practice of fire insurance companies to provide in their policies that the company would not be liable for any loss of or damage to premises which were unoccupied at the time of the fire, it being an accepted fact, as this case certainly tends to prove, that the risk or hazard of fire is increased when a building is unoccupied. In order to protect the insured against arbitrary enforcement of this provision in cases where the premises are necessarily vacant for short periods of time, the Legislature of Louisiana passed the statute requiring that the sixty day vacancy provision be incorporated in all fire policies.

Endorsement No. 2–e(c) of the policy, likewise required by state law, which authorizes the insured to make repairs to the premises is in no way related to this vacancy clause as plaintiff contends. The two provisions are entirely separate and independent. Endorsement No. 2–e(c) gives the insured the right to make repairs on the premises and covers all lumber and building materials on the premises or adjacent thereto to be used in making the repairs. Endorsement No. 2–e(c) does not anticipate that the premises will necessarily be vacant during these repairs. If the repairs to be effected are of such a na-

ture as to require the building to become vacant, that is, the inhabitants moved out together with all their furnishings, then the owner would be required to apply to the company for a waiver of the vacancy clause if he believes the repairs will keep the building unoccupied for a period of over sixty days. If such application for waiver is made, the company can then determine whether or not the risk involved requires an adjustment of the rate. To interpret these provisions as allowing the owner an indefinite time to make repairs, plus sixty days, would not only increase the risk which the defendant has underwritten but would amount to a reformation of the contract where no reformation is required. In this connection it should be observed that the two provisions in question are provisions required in all fire policies by state law. The Legislature of the State of Louisiana chose the language and content of the clauses, and consequently the principle that the policy is to be construed against the company does not apply.

■ Plaintiff's second contention is that the vacancy clause is suspended while the building is uninhabitable by reason of damage from the previous fire. It is true that in interpreting absolute vacancy clauses, that is, clauses which provide for no grace period before the vacancy clause becomes effective, the majority of the courts have held that in spite of the vacancy clause in the policy, the owner is allowed a reasonable time to make his building habitable before the insurer may avail himself of the vacancy clause to deny liability under the policy. Gash v. Home Insurance Company, 153 Ill.App. 31; Farmers' M. E. Insurance Society v. Smith, 158 Ky. 459, 165 S.W. 675, L.R.A. 1915B, 844; Albion Lead Works v. Williamsburg C. F. Insurance Co., 1 Cir., 2 F. 479; American Central Insurance Company of St. Louis v. McHose, 3 Cir., 66 F.2d 749; Continental

3. "Company's options. It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."

4. Louisiana Statutes Annotated—R.S. 22:-691.

Insurance Company of the City of New York v. Fortner, 6 Cir., 25 F.2d 398; Schmidt v. Williamsburg C. F. Insurance Co. of Brooklyn, 98 Neb. 61, 151 N.W. 920; Lancashire Insurance Co. v. Bush, 60 Neb. 116, 82 N.W. 313. But see American Central Insurance Company of St. Louis v. McHose, supra, dissenting opinion; Kupfersmith v. Delaware Insurance Company, 84 N.J.L. 271, 86 A. 399, 45 L.R.A.,N.S., 847. The theory of these decisions is that the operation of the vacancy clause contemplates a habitable building. Actually what the courts did in these cases is reform the policies so as to avoid the hardship which would result from a strict interpretation of the vacancy clause. Such reformation of the policy is not required in this case because the Legislature of the State of Louisiana has undertaken to prevent such hardship cases from arising by requiring that the vacancy clause in all policies delivered in Louisiana contain a sixty day grace period. Plaintiff's contention is that in addition to this grace period provided by statute and incorporated in the policy, the reasonable time to repair theory of the above cases should also be read into the policy. As will be seen, in deciding this case it will not be necessary to pass specifically on this contention of the plaintiff for the reason that between the second fire on October 22nd and the third fire on January 30th plaintiff not only had his grace period of sixty days but reasonable time to repair the premises in addition thereto.

■ Plaintiff's third contention is that the vacancy clause is suspended for the option period provided in the policy during which the insurer may choose to repair the premises itself or adjust the loss and pay the plaintiff therefor. In other words plaintiff states that after the proof of loss covering the fire of October 22nd was received the company had thirty days in which to exercise the option of repairing the building itself or paying the plaintiff for his damages and that during his thirty day period the sixty day grace period provided for in the vacancy clause was suspended. This contention of the plaintiff is apparently predicated on the theory that the period of grace in the vacancy clause is suspended for the full option period even though during that thirty day period the insurer actually exercised the option not to repair the damage itself. It is true, as plaintiff contends, that some courts have held that the period of grace provided for in the vacancy clause is suspended by the operation of the option clause of the policy, but no case has been cited and none has been found wherein it is held that the vacancy clause is suspended for the entire option period of thirty days even though the insurer has exercised its option before the thirty days have run. In fact in the only case wherein this factual situation is present the court held that the operation of the vacancy clause is suspended not for the entire thirty day option period provided in the policy but only until the time the insurer exercises his option. Globe & Rutgers Fire Insurance Co. v. Green, 167 Miss. 698, 146 So. 889.

The facts in this case show that the second fire on the premises occurred October 22, 1950; that this loss was adjusted by agreement between plaintiff and the insurer's representative on November 9, 1950 at which time the insured was advised to proceed to repair his premises and that his check in the amount of $260 covering the loss as agreed upon would be forthcoming from the company within a very few days. This action on the part of the insurer was an exercise of its option not to repair the premises itself but to pay the plaintiff his damages so that the plaintiff could repair them. Siegel v. Ohio Millers' Mut. Fire Insurance Co., 8 Cir., 29 F.2d 988; Coulson v. Walton, 9 Pet. 62, 9 L.Ed. 51; Morrell v. Irving Fire Insurance Co., 33 N.Y. 429; Globe & Rutgers Fire Insurance Company v. Green, 167 Miss. 698, 146 So. 889. At this time the option period ceased to run, the option having been exercised.

■ The question now presented is whether a reasonable time, exclusive of the sixty day period provided in the vacancy clause, existed between that date, November 9th, and January 30th, the date of the third fire, during which plaintiff could have repaired the damage from the second

162

fire. Using November 9th as the starting day, the plaintiff had three weeks, exclusive of the sixty days, to repair $260 of damage to his premises. If November 17, 1950, the date when plaintiff received the insurer's check covering the damage from the second fire is used, plaintiff had two weeks, exclusive of the sixty days, to repair his premises. This court holds that either period, the three weeks or the two weeks, was a reasonable time in which to repair $260 damage to the premises in question. Plaintiff's failure to repair his premises in that reasonable time started the vacancy clause into operation and since at the end of the sixty days of operation of the vacancy clause the premises were still vacant, the insurer is relieved from liability on the policy for damage resulting from the fire occurring January 30, 1951.

Judgment for defendant.