480 P.2d 585 (1971)
The AETNA CASUALTY AND SURETY COMPANY, Plaintiff in Error,
v.
TRANSAMERICA TITLE INSURANCE COMPANY OF COLORADO, formerly Title Guaranty Company, Trustee under Trust 166720, and the Equitable Life Assurance Society of the United States, Defendants in Error.
No. 70-542. (Supreme Court No. 24101.)
Colorado Court of Appeals, Div. II.
December 15, 1970.
Rehearing Denied January 12, 1971.
Wormwood, Wolvington, Renner & Dosh, Laird Campbell, Richard G. Peterson, Denver, for plaintiff in error.
Wood, Ris & Hames, William K. Ris, Philip E. Pankoff, Denver, for defendants in error.
Selected for Official Publication.
COYTE, Judge.
This case was originally filed in the Supreme Court of the State of Colorado and subsequently transferred to the Court of Appeals under authority vested in the Supreme Court.
The parties are here in reverse order from their appearance at trial. They will be referred to as they appeared below, or by name.
The question on appeal concerns the interpretation of the vacancy clause contained in the Standard Fire Insurance policy. The policy in dispute was issued by defendant below, Aetna Casualty and Surety Company. Protection afforded by this policy included a building located in Denver, Colorado, used for commercial purposes. The plaintiffs below, Transamerica Title Insurance Company, as Trustee, and The Equitable Life Assurance Society of the United States, as mortgagee, were insureds under this policy.
The facts, which are not in dispute, show that the building in question was occupied by two business tenants. On December 20, 1965, the building was extensively damaged by fire, rendering it uninhabitable insofar as the tenants were concerned. The trial court found that nine months were required to adjust the loss and prepare the property for reconstruction. The court also found that there was damage to the building which occurred, as *586 result of vandalism, during the fifth and sixth months following the fire and that the reasonable cost of repair as a result of this vandalism amounted to $32,853. The court held that the defendant as insurer of the building was liable for the vandalism damage, and entered judgment accordingly.
Defendant does not dispute the length of time necessary to adjust the fire loss or the amount of damage caused by vandalism, but argues that the trial court erred in its determination of liability based upon the facts of the case. Defendant points out that under the Standard Fire Insurance policy the insurer is relieved of liability:
"(b) While a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days;"
and is also relieved of liability under certain circumstances under the provisions of the Standard Vandalism and Malicious Mischief Endorsement which was attached to this policy:
"The permitted period of vacancy as provided by said fire policy shall apply to liability under this endorsement except when such permitted period is in excess of thirty days, in which case this company shall not be liable for loss under this endorsement occurring while the described building is vacant beyond a period of thirty days, whether or not such period commenced prior to the inception date of this endorsement; but a building in process of construction shall not be deemed vacant."
Defendant argues that it, as insurer, should be relieved of liability for this damage since vacancy occurred as of December 1965, and that the damage by vandalism admittedly occurred well in excess of the thirty days provided for in the endorsement.
Plaintiff countered with the assertion that where the building was rendered uninhabitable by a disaster, and the policy remained in effect, then the vacancy clause contained in the standard policy and endorsement were in suspension for that reasonable length of time in excess of the limits set forth in the policy necessary to provide for the adjustment of loss and commencement of reconstruction of the premises. This view was accepted by the trial court in holding the defendant liable even though the time limit set forth in the policy had expired.
Colorado is without precedent on this particular point. A division exists in other jurisdictions as to the proper interpretation to be placed upon the vacancy provisions of an insurance contract. An early case accepted the view put forth by plaintiffs that this provision was suspended during the reasonable length of time necessary to make the building fit for occupancy after partial destruction by a casualty loss. Lancashire Insurance Co. v. Bush, 60 Neb. 116, 82 N.W. 313. The case relied upon by defendant adopted the more rigid view that it is the fact, not the cause of non-occupancy, which is controlling, and if the building is unoccupied in excess of the limits prescribed, the insurer is relieved of liability even though the building is uninhabitable. Kupfersmith v. Delaware Insurance Co., 84 N.J.L. 271, 86 A. 399.
Both of the above cases were cited in American Central Insurance Co. v. McHose, CCAPa., 66 F.2d 749. The court accepted the principle enunciated by Lancashire, supra, which we believe is the majority view. In McHose, supra, the policy relieved the insurer of liability if the building were vacant in excess of thirty days. A fire made the building uninhabitable, and four months later while repairs were being made a second fire occurred, causing additional damage. In a suit on this latter damage, the court in rejecting the defense of breach of the vacancy clause, held that it would be unreasonable to require the insured to occupy a building known to be uninhabitable by both parties in order to hold the insurer liable.
We concur with such reasoning. It is well recognized that an insurance policy must be construed and interpreted in favor *587 of the insured. Travelers Insurance Co. v. Jeffries-Eaves, Inc., 166 Colo. 220, 442 P.2d 822. A necessary implication of the vacancy clause is the supposition that there exists a building capable of being occupied. Under these circumstances, if the inhabitable building is vacated for a period of time in excess of the thirty-day limit, the insurer is relieved of liability.
However, a partially destroyed building presents a different factual situation. Under these circumstances, it would be reasonable for the insured to suppose that he need not perform the unusual and impractical act of occupying an uninhabitable building in order to remain protected by a policy of insurance still in effect. If the natural status of a building precludes occupation, yet the insurer desires the insured to continue to occupy it, then such provision should be explicitly set forth in the contract of insurance, otherwise the insured may reasonably assume that occupation of an uninhabitable building is unnecessary in order to hold the insurer liable. American Central Insurance Co. v. McHose, supra.
Judgment affirmed.
SILVERSTEIN, C. J., and ENOCH, J., concur.